FILED
06 OCT -3 PM 4:0
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:03-CR-579-RDP-PWG |
| RICKEY DORSEY, | } |
| Defendant. | } |

### MEMORANDUM OF OPINION

Defendant Rickey Dorsey, acting *pro se*, has filed two separate letter requests which the court has treated as a Motion to Credit Time Towards Service of Sentence (Document #35) and as a Motion to Amend or Modify Sentence Imposed on September 22, 2004 (Document # 36). For the reasons which follow, Defendant's motions are due to be denied.

Defendant was indicted in the Northern District of Alabama in case number CR 03-P-579-S (shown in CM/ECF format above) on November 25, 2003. Defendant was charged with thirty counts of violating 18 U.S.C. § 287, False Claims Against the Government. Defendant was arrested on December 9, 2003, and subsequently released on a $10,000.00 unsecured bond awaiting disposition of the instant offense.

On February 9, 2004, while on federal bond, Defendant was arrested for violation of his state probation and detained in the Jefferson County Jail. Defendant's federal bond was revoked on March 18, 2004 and a federal arrest warrant was again issued on March 19, 2004. Because Defendant was being detained in the Jefferson County Jail on violations of his state probation, a writ *ad prosequendum* dated March 31, 2004 was issued in order to have Defendant moved from the

Jefferson County Jail to appear in federal court in this case (CR 03-P-579-S). On April 5, 2004, Defendant appeared in this court and pled guilty to the charges contained in the Indictment in case number CR 03-P-579-S and later appeared again on September 22, 2004 for sentencing. Defendant was sentenced to the custody of the Bureau of Prisons for a term of thirty-seven months as to Counts 1-30 separately, with each count to run concurrently, followed by thirty-six months of supervised release with special conditions, restitution in the amount of $39,809.67, and a special assessment, which was due immediately, in the amount of $3,000.00.

Following the resolution of all matters in this case, Defendant returned to the custody of the State of Alabama where he was convicted of a violation of his state probation. He served the State of Alabama sentence before coming into federal custody to begin service of his thirty-seven month sentence in case number CR 03-P-579-S.

Pursuant to 18 U.S.C. §3585(b), Defendant may not receive credit for prior custody toward the service of a federal sentence for time credited against another sentence (here, the Alabama conviction). Defendant's federal sentence did not begin until he came into federal custody following completion of service of his State of Alabama sentence. 18 U.S.C. § 3585(a).

Finally, Defendant has requested that this court modify or amend his federal sentence to order that it may run concurrently with the State of Alabama sentence which was imposed subsequent to the imposition of the instant federal sentence. This court does not have the authority to order the sentence handed down in this case run concurrently with the state-imposed sentence because this court is without jurisdiction to modify the originally imposed sentence. *See United States v. Diaz-Clark*, 292 F.3d 1310 (11th Cir. 2002).

Accordingly, Defendant's motions are due to be denied. A separate order will be issued with this memorandum of opinion.

**DONE** and **ORDERED** this ___3rd___ day of October, 2006.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE